IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHANIE HARROLD § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. | |
| § | | |
| JASON BURROWS AND CHARLES S. § | | |
| WAGNER § | JURY REQUESTED | |
| Defendants. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Stephanie Harrold, hereinafter called Plaintiff, complaining of and about Jason Burrows and Charles S. Wagner, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### I. PARTIES

1. Plaintiff Stephanie Harrold, is an individual residing in Manvel, Brazoria County, Texas.

2. Defendant Jason Burrows is a Deputy Sherriff with the Brazoria County Sheriff's Office. He may be served with process at 3602 CR 45 Angleton, Texas 77515. Defendant Jason Burrows is being sued in his individual capacity.

3. Defendant Charles S. Wagner is the Sheriff of the Brazoria County Sheriff's Office. He may be served with process at 3602 CR 45 Angleton, Texas 77515. He is being sued in his individual capacity.

## II. JURISDICTION

4. The Court has jurisdiction of this lawsuit under 28 U.S.C § 1331, as it arises under the Constitution, laws, or treaties of the United States of America.

## III. VENUE

5. Venue is proper in this Court under 28 U.S.C. § 1391(b), as this is the judicial district in which a substantial portion of the events or omissions giving rise to the claims occurred.

## IV. FACTS

6. Paragraphs 1 – 5 are set forth above, and are herein incorporated by reference.

7. On or about the afternoon of Saturday, February 12, 2012 Plaintiff Stephanie Harrold (herein referred to as "Stephanie Harrold") was traveling on County Road 101 in Stephanie Harrold's vehicle.

8. While traveling on County Road 101, Defendant Brazoria County Deputy Jason Burrows (herein referred to as "Burrows") activated the overhead lights on the Brazoria County patrol vehicle, in what was he later says is an attempt to initiate a traffic stop for speeding.

9. When the stop was initiated, Stephanie Harrold quickly pulled over. Defendant Burrows got out of his Brazoria County patrol vehicle, proceeded to the driver side of the vehicle and addressed Stephanie Harrold asking her for her driver's license and insurance. Stephanie Harrold stated to Defendant Burrows that she was not speeding.

10. After Defendant Burrows was provided Stephanie Harrold's driver's license and insurance, Defendant Burrows went back to his Brazoria County patrol vehicle for a brief moment.

11. Upon returning to Stephanie Harrold's vehicle, Defendant Burrows asked if

Stephanie Harrold had a concealed handgun license (CHL) and Stephanie Harrold replied in the affirmative. Defendant Burrows asked Stephanie Harrold if she had the gun on her and Stephanie Harrold replied in the negative.

12. At this point Defendant Burrows asked Stephanie Harrold to step out of her vehicle.

13. It must be noted that as Stephanie Harrold was stepping out of her vehicle, Defendant Burrows stated to Stephanie Harrold that she was a burglary suspect and that Defendant Burrows would need to search her.

14. Defendant Burrows asked Stephanie Harrold to turn around and put her hands on her vehicle. Stephanie Harrold placed her hands on her vehicle on the side of County Road 101, within view of passing vehicles and Defendant Burrows began patting Stephanie Harrold down.

15. As Defendant Burrows was patting Stephanie Harrold down, Defendant Burrows asked Stephanie Harrold is she had anything in her bra and before Stephanie Harrold could respond; Defendant Burrow's began feeling and touching Stephanie Harrold breasts.

16. At this point, Stephanie Harrold was overwhelmed with emotion and feeling of helplessness and reacted stating that Defendant Burrows had just violated her in a most horrific manner.

17. Stephanie Harrold was deprived of vital Constitutional Rights guaranteed to her under the law. Stephanie Harrold has the right to be free from warrantless searches and seizures, just like any other red-blooded human in this country. This woman was violated in ways that no person should endure in broad-open public, on the side of the road and with passer-bys. Stephanie Harrold was disrespected, "toyed" around with by law enforcement, and forced to succumb to humiliation and embarrassment by law enforcement. The actions of this

officer were not based on consent nor were they based on any reasonable suspicion or probable cause. This search and seizure was highly unreasonable.

## V. CAUSE OF ACTION UNDER 42 U.S.C. § 1983

18. As a result of Defendant Burrows malicious invasion and unconstitutional search and seizure, Defendant Burrows deprived Plaintiff Stephanie Harrold of her right to equal protection under the law. This impeded the due course of justice and violated the Fourth Amendment of the Constitution as well as 42 U.S.C. § 1983 and § 1988.

19. Defendant Burrows, police officers, who are supposed to uphold the law, through their actions and their omissions to act, deprived Plaintiff Stephanie Harrold of security and liberty under the Fourteenth Amendment of the U.S. Constitution. This search and seizure was unreasonable and unnecessary. This search and seizure was invasive, violating and humiliating. The search and seizure was un-called for, and not provided for by any law.

20. Moreover, at all relevant times, Defendant Burrows, as sheriff's officer's or peace officer's employed by Brazoria County Sheriff's Office, were acting under the direction, control and supervision of the Brazoria County Sheriff, Charles S. Wagner, who is responsible for making the policy of their respective departments, their employees, and their sheriffs or staff-members. Defendant Burrows was acting pursuant to official policy, practice, custom and operation of the Brazoria County's Sheriff's Office. In the alternative, this search was part of a or persistent or widespread practices, which although no officially authorized, as so common and well settled as to constitute a custom that fairly represents Brazoria County Sheriff's Department policy.

21. Acting under color of law, by and through his policy maker, Defendant, Charles S. Wagner, and pursuant to official policy or custom and practice, Defendant Charles S. Wagner,

officer were not based on consent nor were they based on any reasonable suspicion or probable cause. This search and seizure was highly unreasonable.

## V. CAUSE OF ACTION UNDER 42 U.S.C. § 1983

18. As a result of Defendant Burrows malicious invasion and unconstitutional search and seizure, Defendant Burrows deprived Plaintiff Stephanie Harrold of her right to equal protection under the law. This impeded the due course of justice and violated the Fourth Amendment of the Constitution as well as 42 U.S.C. § 1983 and § 1988.

19. Defendant Burrows, police officers, who are supposed to uphold the law, through their actions and their omissions to act, deprived Plaintiff Stephanie Harrold of security and liberty under the Fourteenth Amendment of the U.S. Constitution. This search and seizure was unreasonable and unnecessary. This search and seizure was invasive, violating and humiliating. The search and seizure was un-called for, and not provided for by any law.

20. Moreover, at all relevant times, Defendant Burrows, as sheriff's officer's or peace officer's employed by Brazoria County Sheriff's Office, were acting under the direction, control and supervision of the Brazoria County Sheriff, Charles S. Wagner, who is responsible for making the policy of their respective departments, their employees, and their sheriffs or staff-members. Defendant Burrows was acting pursuant to official policy, practice, custom and operation of the Brazoria County's Sheriff's Office. In the alternative, this search was part of a or persistent or widespread practices, which although no officially authorized, as so common and well settled as to constitute a custom that fairly represents Brazoria County Sheriff's Department policy.

21. Acting under color of law, by and through his policy maker, Defendant, Charles S. Wagner, and pursuant to official policy or custom and practice, Defendant Charles S. Wagner,

intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the citizens of Texas and to the Plaintiff, failed to instruct, supervise, control and discipline on a continuing bases, Defendant in the performance of his duties to refrain from:

    a.    Conspiring to violate the rights, privileges and immunities guaranteed to the Plaintiff by the Constitution and Laws of the United States and the Law of the State of Texas, and

    b.    Otherwise depriving citizens and individuals of their constitutional and statutory rights, privileged and immunities.

22.    Defendant Charles S. Wagner had knowledge of, or in the alternative has he diligently exercised his duties to instruct, supervise, control and discipline on a continuing basis, he should have had knowledge of the wrongs that were perpetrated against Plaintiff as alleged in this petition. Brazoria County Sheriff's Office, by and through it's respective leader, Sheriff Charles S. Wagner, had the power to prevent or aid in preventing the commission of said wrongs, could have done so and intentionally and knowingly or with deliberate indifference to the rights of their persons such as Plaintiff failed or refused to do so.

23.    Brazoria County Sheriff's Office, directly or indirectly, under color of law, by and through its final policymaker, Sheriff Charles S. Wagner, approved or ratified the unlawful, deliberate, malicious, reckless and wonton conduct of Defendant Burrows described herein.

24.    Sheriff Wagner had actual notice of previous problems and complaints concerning long standing pattern of police misconduct involving unlawful searches and other acts such as this, yet failed to take corrective action.

25.    The individual Defendant Burrows was not adequately trained as to the requirements of probable cause, obtaining proper informed consent to search, and performing or

not performing searches. On belief, Defendant Burrows has performed, initiated and or assisted in numerous un-consented and illegal searches of females. It was second-nature to Defendant Burrows and it is an on-going and pervasive problem.

26. The final policymaker with respect to training of officer is Brazoria County Sheriff Charles S. Wagner. Sheriff Wagner knew from experience that Deputy Sheriff's would often encounter situations where searches might, in the opinion of a deputy, be necessary. Sheriff Wagner knew from experience that deputies would encounter persons on the side of Texas roadways in circumstance which would require deputies to consider pat-down frisks and full body searches. Yet knowing that deputies would encounter such situations, Sheriff Wagner failed to institute any program of training to instruct deputies in (1) identifying situations in which such searches were lawful and (2) procedures for conducting such searches in a lawful manner. Situations involving terrifying searches such as this one in this case are so widespread that Sheriff Wagner's failure to train his deputies on the requirements of proper searches amounts to a deliberate indifference on the part of County to the constitutional rights of persons situated like the Plaintiff. The deputy exceeded constitutional limitations by searching the Plaintiff is some manner conducted herein; the searches arose under circumstances that constitute a usual recurring situation with which peace officers must deal; the inadequate training demonstrates a deliberate indifference of the part of Brazoria County Sheriff's Office toward persons with whom the deputies come into contact; and there is a direct causal like between the constitutional deprivation and the inadequate training. Sheriff Wagner's failure to train his deputies on proper police procedures involving searches of persons was a proximate cause of the illegal search and seizure herein.

27. Sheriff Wagner knew from experience that deputies would often encounter

situations where searches of females might, in the deputy's mind, be necessary. Sheriff Wagner knew from experience that deputies would encounter persons on the side of Texas roadways in circumstances which would require deputies to consider pat-down frisks and full body searches. Yet knowing that deputies would encounter such situations, Sheriff Wagner failed to implement any written directives or other guidance to deputies in (1) identifying situations in which such searches were lawful and (2) procedures for conducting such searches were in a lawful manner.

## VI. DAMAGES

28. As a direct and proximate result of the acts and omissions outlined above, Plaintiff has been severely damaged. Defendants' conduct caused physical pain, as well as emotional distress and mental anguish and trauma.

29. Plaintiff seeks compensatory damages in an amount deemed sufficient by the trier of fact to compensate her for her damages, which include physical pain, mental anguish, pain and suffering.

30. Plaintiff also seeks exemplary damages against Defendants.

31. Plaintiffs have retained the services of the undersigned attorneys, and claim entitlement to an award of reasonable and necessary attorney's fees under 42 U.S.C. § 1983 and § 1988.

## VII. JURY DEMAND

32. Plaintiff respectfully request trial by jury.

## VIII. PRAYER

33. For these reasons, Plaintiff seek judgment against Defendants for:

   a. compensatory and actual damages in an amount deemed sufficient by the trier of fact;

      b.      exemplary damages;

      c.      attorney's fees under 42 U.S.C. § 1983 and § 1988;

      d.      costs of court; and

      e.      interest allowed by law for prejudgment and/or post-judgment interest.

Respectfully submitted,

By: _____
Jeffrey C. Brashear
Texas Bar No. 24054262
SD TX No. 1103319
16350 Park Ten Place, Suite 143
Houston, Texas   77084
Tel. (281)994-4034     Fax. (281)994-4033
Attorneys for Plaintiff Stephanie Harrold

Of Counsel:

KSDonati by permission
Keith S. Donati
Texas Bar No. 05973100
SD TX No. 9071
16350 Park Ten Place, Suite 143
Houston, Texas 77084
Tel. (281)994-4034     Fax. (281)994-4033