IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHANIE HARROLD, | § | |
|     Plaintiff | § | |
| v. | § | CIVIL ACTION 3:13-CV-00395 |
| | § | |
| JASON BURROWS and | § | |
| CHARLES WAGNER, | § | |
|     Defendants | § | |

### DEFENDANT, CHARLES WAGNER'S, MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM

Introduction

Defendant, Charles S. Wagner, files this motion to dismiss plaintiff's suit for failure to state a claim upon which relief can be granted, as authorized by *Federal Rule of Civil Procedure 12(b)(6)*. The Federal Rules of Civil Procedure allow a defendant to seek dismissal of a complaint based on a plaintiff's "failure to state a claim upon which relief can be granted." *Fed.R.Civ.P. 12(b)(6)*. When considering a *12(b)(6)* motion, a court must accept all of the plaintiff's factual allegations as true and resolve all ambiguities or doubts regarding the sufficiency of the complaint in the plaintiff's favor. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993). *Rule 12(b)(6) In Re McCoy,* 666 F.3d 924, 926 (5th

Cir.2012). The court; however, need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir.2005); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 677–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *accord Wilson v. Birnberg,* 667 F.3d 591, 595 (5th Cir.2012). A claim is facially plausible "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal,* 556 U.S. at 678). The standard of plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678–79; *accord Wilson,* 667 F.3d at 600. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.,* 615 F.3d 412, 417 (5th Cir.2010) (quoting *Iqbal,* 556 U.S. at 678).

In Twombly, the Supreme Court advised that, "[w]hile a complaint attacked by a *Rule 12(b)(6)* motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ...". *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L .Ed.2d 929 (2007).

## I.     Argument

Qualified Immunity—Charles S. Wagner

Plaintiff alleges a *§1983* claim against Sheriff, Charles S. Wagner in his individual capacity[1]. She contends that since defendant, Burrows was, at the time of the incident in question, employed by the Brazoria County Sheriff's Office, he acted under the supervision and control of Sheriff Wagner[2]. With respect to *any §1983* claim against the Sheriff in his individual capacity, the law is clear that *§1983* does not create supervisory or *respondeat superior* liability and that such officials may be liable only for implementing a policy that is itself a repudiation of constitutional rights and is the moving force behind the constitutional violation. *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir.2002)(quoting *Grandstaff v. City of Borger,* 767 F.2d 161, 169, 170 (5th Cir.1985), *cert. denied,* 480 U.S. 916, 107 S.Ct. 1369 (1987). The acts of a subordinate "trigger no individual *§ 1983* liability." *Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312, 314 (5th Cir.1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.* Plaintiff's complaint fails to allege facts as to Sheriff Wagner's affirmative participation or personal involvement in the alleged search and seizure constitutional deprivation.

Absent any personal participation by the Sheriff in the alleged unconstitutional deprivation, plaintiff must, demonstrate that as a supervisor,

---

[1] ¶3 Plaintiff's original complaint, "Defendant Charles S. Wagner…He is being sued in his individual capacity".
[2] ¶20 Plaintiff's original complaint, "Moreover, at all relevant times, Defendant Burrows, as a sheriff's officer's or peace officer's employed by Brazoria County Sheriff's Office, were acting under the direction, control and supervision of the Brazoria County Sheriff, Charles S. Wagner who is responsible for making the policy of their respective departments…"

Sheriff Wagner, implemented unconstitutional policies that caused the injury. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir.1987). Plaintiff Harrold fails to plead any specific facts identifying specific policies, instead she relies on generalized allegations. A plaintiff cannot make generalized allegations. *Howard v. Fortenberry,* 723 F.2d 1206 (5th Cir.1984). She must allege facts specifically focusing on the conduct of [the individual defendants] which caused his injury *Wicks v. Miss. State Emp't Servs.,* 41 F.3d 991, 994 (5th Cir.1995)  As the *Wicks* court explained, "[t]o merely make the charge is insufficient; the complaint must 'state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity.' " *Id.* at 996; *see also id.* at 996 n. 21

Plaintiff also makes a broad allegation that Sheriff Wagner, failed to train, supervise and control his employees.[3]  "[L]iability for failure to train and supervise under Fifth Circuit precedent is nothing more than the third test for showing 'official policy' under *Monell*." *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Fifth Circuit has previously provided that "[a] sheriff not personally involved in the acts that deprived the plaintiff of his constitutional rights is liable under *§1983* if: 1) the sheriff failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Thompson v. Upshur County,* 245 F.3d 447, 459 (5th Cir.2001).  Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate

---

[3] Plaintiff's Original Petition, ¶21 " …Defendant, Charles S. Wagner…failed to instruct, supervise, control and discipline..defendant [Burrows] in the performance of his duties…

indifference. *Id.* (citing *Snyder v. Trepagnier,* 142 F.3d 791, 798–99 (5th Cir.1998)). "The plaintiff must generally demonstrate at least a pattern of similar violations." *Id.* (citing *Snyder,* 142 F.3d at 798). "[T]he inadequacy of training must be obvious and obviously likely to result in a constitutional violation." *Id.* (citing *City of Canton v. Harris,* 489 U.S. 378, 390 n. 10 (1989)). Plaintiff's pleading is devoid of any factual details tending to show deliberate indifference on the part of Sheriff Wagner. Plaintiff, Harrold, did little to factually detail the policy or custom she claimed was involved and how the particular injury was incurred because of the execution of that policy. Her presentation of conclusory allegations that defendant Burrows', actions were done in pursuant to an official policy, practice, custom and operation of the Sheriff's office are not sufficient to withstand a motion to dismiss. *See Spiller v. City of Texas City Police Department,* 130 F.3d 162, 167 (5th Cir.1997) ('The description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'). As a general rule, proof of a custom or practice requires more than a showing of isolated acts. *Burge v. St. Tammany Parish,* 336 F.3d 363, 370 (5th Cir.2003). This conclusion is buttressed by other Fifth Circuit authority as well. In *Colle v. Brazos County, Texas,* 981 F.2d 237, 245 (5th Cir.1993), the Fifth Circuit held that "a plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity. For example, even though an arresting police officer uses excessive force, it does not necessarily follow that the city adopted a policy endorsing such acts." Similarly, in *Spiller* 130 F.3d 162, the plaintiff Johnnie Spiller, a black woman, pulled up to a gasoline pump in Texas City. Mark Spurgeon, a white police officer who was not then in uniform, was using the pump. When Spurgeon finished, he did not move his truck, but began talking to a man on the other side of the pump. Spiller waited for him to move and then asked him several times to do so; when he refused her polite requests, she told

him to "move his damn truck" because the pumps were not for socializing. Spurgeon asked her to repeat this, which she did, and he then moved his truck. After he did so, he returned to confront her, and ordered her out of her car. When she refused, Spurgeon told her that she was under arrest for disorderly conduct. The Fifth Circuit reversed as to Spurgeon, but upheld the dismissal of the City and the police department. Spiller alleged that "Spurgeon was acting in compliance with the municipality's customs, practices, and procedures," but the Fifth Circuit held that this was insufficient because it was conclusory. The Fifth Circuit specifically stated that "the description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts," *citing Fraire v. Arlington,* 957 F.2d 1268, 1277 (5th Cir.1992). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argument' are not sufficient." *Mahoney,* 2008 WL 2990906, at *5 (citing *TIG Ins. Co. v. Sedgwick James of Wash.,* 276 F.3d 754, 759 (5th Cir.2002)).

## CONCLUSION

Plaintiff failed to allege or demonstrate personal involvement on the part Charles S. Wagner and also failed to produce any evidence of any constitutional violations of the character complained of in this complaint or of any other nature. The lack of personal involvement and failure to establish a pattern of constitutional violations entitles Charles S. Wagner to the defense of qualified immunity and all claims and actions against him must be dismissed.

Respectfully submitted,

/s/Raethella Jones
RAETHELLA JONES
Attorney-in-Charge
Assistant District Attorney
SBN:  75007981
FBN:  30261
111 E. Locust, Suite 408A
Angleton, Texas 77515
(979)-864-1233
(979)-864-1712  Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been served on all counsel of record or plaintiff pro se via electronic delivery,  certified mail, return receipt requested and/or U.S. Mail on this the 25TH day of November 2013.

Jeffrey C. Bradshear
Texas Bar No.: 24054262
SD TX No.: 1103319
16350 Park Ten Place, Site 143
Houston, Texas 77084
Telephone: 281/994-4034
Facsimile: 281/994-4033
ATTORNEY FOR PETITIONER

Keith S. Donati
Texas Bar No.: 05973100
SD TX No.: 9071
16350 Park Ten Place, Suite 143
Houston, Texas 77084
Telephone: 281/994-4034
Facsimile: 281/994-4033
OF COUNSEL

Gregg Cagle
Texas Bar No. 00790414
215 E. Galveston St.
League City, Texas 77573
Telephone:  (281) 332-7630
Facsimile: 281/332-7877

/s/Raethella Jones
RAETHELLA JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHANIE HARROLD, § | | |
| Plaintiff § | | |
| v. § | | CIVIL ACTION 3:13-CV-00395 |
| § | | |
| JASON BURROWS and § | | |
| CHARLES WAGNER, § | | |
| Defendants § | | |

## ORDER OF DISMISSAL

Came on to be heard the motion to dismiss for failure to state a claim for relief filed by Sheriff Charles S. Wagner. The Court, having reviewed said Motion is of the opinion that said Motion is meritorious and should be granted. It is therefore:

ORDERED, ADJUDGED and DECREED that the motion to dismiss be, and the same hereby is, in all things GRANTED. Plaintiff's suit against Sheriff Charles S. Wagner is hereby DISMISSED. Costs are Ordered assessed against Plaintiff.

SIGNED in Houston, Texas on this _____ day of _____, 2013.

_____
U.S. DISTRICT JUDGE