IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHANIE HARROLD, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-13-395 |
| | § | |
| JASON BURROWS, et al., | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable Gregg Costa, United States District Court Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), is Defendant Charles Wagner's "Motion to Dismiss For Plaintiff's Failure to State A Claim." (Dkt. No. 9). Plaintiff responded by filing an Amended Complaint (Dkt. No. 12), as well as a Response to Defendant Wagner's Motion. (Dkt. No. 13). Defendant Wagner then filed a "Reply to [Harrold's] Amended Complaint and a Response to [his] Motion to Dismiss." (Dkt. No. 18). Having carefully considered the Motion, the response and reply, and the applicable law, the Court now submits this Report and Recommendation to the District Court.

## I. BACKGROUND

This civil rights action, which arises out of a traffic stop, was brought by Plaintiff Stephanie Harrold against Defendants Brazoria County, Brazoria County Sheriff Charles S.

1

Wagner in his individual capacity and Brazoria County Sheriff's Deputy Jason Burrows in his

individual capacity. (Dkt. No. 12 at cover).

The facts in this case are not overly complicated. On February 12, 2012, Stephanie

Harrold ("Harrold") alleges that she was driving her vehicle when she was stopped by Brazoria

County Deputy Jason Burrows (Burrows) for speeding. (Dkt. No. 12 at 2-3, ¶¶ 8-13). During

the course of the traffic stop, Harrold alleges that Burrows, without probable cause, subjected her

to a sexually inappropriate pat-down search. (*Id.* at 3, ¶¶ 14-23). After Burrows completed the

pat-down search, Harrold was given a speeding ticket and allowed to leave. (*Id.* at 4, ¶ 24-25).

Thereafter, Harrold immediately reported the incident to the dispatcher for the Brazoria

County Sheriff's Department (hereinafter, "the Department"). (*Id.* at 4, ¶¶ 26-28). Harrold was

then later contacted by Sergeant Henson who "took the details of the incident." (*Id.* at 4, ¶29).

Harrold alleges that several months after the incident occurred, she was once again

contacted by the Brazoria County Sheriff's Department regarding the February incident. On this

occasion, Harrold spoke with an unnamed Captain from the Department. According the Harrold,

at some point during the conversation, the Captain informed her of a subsequent incident in which

Deputy Burrows allegedly sexually assaulted another female. (*Id.* at 4, ¶¶ 31-32). An investigator

from the Department was then sent out to interview Harrold regarding the incident.

As a result of the February 12, 2012 incident, Harrold filed suit against Defendants

pursuant to 42 U.S.C. §§ 1983 and 1988 alleging that her Constitutional rights were violated by

the unlawful search and seizure. (Dkt. No. 12 at 5-6). Bringing a motion pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, Defendant Sheriff Charles Wagner moves for

dismissal of the claims against him. (Dkt. No. 9).

2

## II. STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007). A claim is considered "plausible" if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. However, a claim is not considered plausible where it is based on nothing more than "formulaic recitation of the elements of a cause of action" or it merely consists of "naked assertions devoid of further factual enhancement." *Twombly*, 550 U.S. at 555, 557.

In considering a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *In re Katrina*, 495 F.3d at 205. This assumption of truth does not extend, however, to any conclusions that are contained in the pleadings. *Iqbal*, at 1950.

## III. DISCUSSION

In this case, Harrold has chosen to bring suit against Defendant Sheriff Wagner in his individual capacity.[1]   Defendant Wagner argues that dismissal of the claims against him is

---

[1] "The performance of official duties creates two potential liabilities, individual-capacity liability for the person and official capacity liability for the municipality." *Turner v. Houma Municipal Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 484 (5th Cir. 2000).

warranted because Harrold has failed to state a claim against him in his individual capacity and, even assuming she has, he is entitled to qualified immunity.[2]

To state a claim under §1983, [a] plaintiff must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008).  According to her Amended Complaint, Harrold does not seek to hold Sheriff Wagner liable for his personal involvement in the alleged constitutional violation.  Instead, she seeks to hold him liable for the violation of her Fourth Amendment rights based on the theory that Sheriff Wagner failed to properly supervise and/or train his subordinates, including Deputy Burrows.

Liability may be imposed on supervisors in actions brought under §1983, however, it cannot be based on a theory of vicarious or *respondeat superior* liability.  *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).  In order for liability to be imposed on a supervisor for failing to supervise and/or train, a plaintiff must allege, and ultimately prove, each of the following elements:  "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009).

After reviewing the Amended Complaint, the Court finds that Harrold's allegations against Sheriff Wagner are insufficient to state a claim for failure to supervise and/or train under §1983. Harrold's allegations against Sheriff Wagner are that he "knew from experience": (1) that deputies

---

[2] When a defendant is sued in his individual capacity under §1983, as opposed to his official capacity, he is entitled to assert qualified immunity. *Matherne v. Wilson*, 851 F.2d 752, 759 (5th Cir. 1988) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 (1985)).

"would often encounter situations where searches might, in the opinion of a deputy, be necessary"; (2) that deputies would encounter persons, including women, "on the side of Texas roadways in circumstance[s] which would require deputies to consider pat-down frisks and full body searches"; (3) that he did not adequately train or supervise deputies concerning constitutionally permissible searches and seizures (Dkt. No. 12 ¶¶46,47) and (4) that he knew *or* should have known of the wrongs committed (Dkt. No. 12 at ¶ 42 (emphasis added)). In order to state a claim under §1983, however, a plaintiff must allege that the constitutional deprivation in question was not the result of negligence. *See Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994); *Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir. 1992).

In addition, a plaintiff must allege *facts* showing that the supervisor, in this case Sheriff Wagner, acted with deliberate indifference. *See Porter v. Epps*, 659 F.3d 440, 446-47 (5th Cir. 2011) (explaining "[a] pattern of similar constitutional violations by untrained employees" is required to demonstrate deliberate indifference); *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003) (recognizing that deliberate indifference ordinarily requires "at least a pattern of similar incidents in which the citizens were injured."). Harrold fails to make any such factual allegations. Although Harrold does allude to a "long standing pattern of police misconduct involving other acts such as this," she does not set forth any facts in support of these conclusory allegations. In this Circuit, the Court of Appeals has repeatedly "stressed that an single incident is usually insufficient to demonstrate deliberate indifference." *See Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 382-83 (5th Cir. 2005). Nor will a few "isolated violations" suffice to establish a pattern. *Bennett v. City of Slidell*, 728 F.2d 762 n.3 (5th Cir. 1984). Harrold's Amended Complaint is limited to just two alleged isolated incidents – one of which was subsequent

to the incident in question.

In conclusion, despite amending her complaint, the Court finds Harrold's §1983 claims against Defendant Sheriff Wagner in his individual capacity remain little more than"[t]hreadbare recitals of the elements of a cause of action" which warrant dismissal. *Iqbal*, 556 U.S. 662, 678. Accordingly, this Court **RECOMMENDS** that Defendant Sheriff Wagner's Motion to Dismiss be **GRANTED**.

**CONCLUSION**

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that Defendant Wagner's Motion to Dismiss (Dkt. No. 9) be **GRANTED** and that the claims against him be **DISMISSED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **February 19, 2014,** to have written objections filed pursuant to 28 U.S.C. §636(b)(1)(C). Failure to file written objections within the prescribed time **SHALL** bar the Parties from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this 4th day of February, 2014.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE