IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| STEPHANIE HARROLD, § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | CIVIL ACTION NO. G-13-395 |
| § | |
| JASON BURROWS, et al., § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation from Magistrate Judge Froeschner which recommends that Defendant Sheriff Charles Wagner's Motion to Dismiss be granted. (Docket Entry ("Dkt.") No. 20). Plaintiff Stephanie Harrold filed timely objections to the Report and Recommendations (Dkt. No. 22), to which Defendant filed a response. (Dkt. No. 23).

In her objections, Plaintiff maintains that the Magistrate Judge "focused on the issues surrounding the Fourth Amendment violations and Defendant Wagner's failure to train and supervise subordinates" but that these facts were merely "the precursors to the Plaintiff's primary argument and position of Defendant Wagner failure to investigate Plaintiff's claim and thereby taking conscious indifference to Plaintiff's complaint." (Dkt. No. 22 at 7). A review of Plaintiff's amended complaint does not clearly reflect that she asserted any such claim against Defendant Wagner. Nevertheless, even assuming she had, it is well-settled that

the lack of a police investigation, standing alone, is not a deprivation of a constitutional right. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985); *Hicks v. Bowles*, No. 3:02-CV-1228, 2003 WL 251543, at *4 (N.D.Tex. Feb. 3, 2003); *see also, May v. Kennard Indep. School Dist.*, No. 9:96-CV-256, 1996 WL 768039, at *4 (E.D.Tex. Nov. 22, 1996) (recognizing "[c]itizens do not enjoy a constitutional right to have their claims investigated by federal or local executive officials.") *Witty v. Simpson*, No. 3-01-CV-5-R, 2001 WL 184251, at *3 (N.D.Tex. Jan. 31, 2001) (same).

In addition, in an effort to demonstrate deliberate indifference and, therefore, avoid dismissal of her claims against Defendant Wagner, Plaintiff's objections include a short list of cases in which Defendant Wagner was named as a defendant. The mere fact that Defendant Wagner, by virtue of his position as the Sheriff for Brazoria County, has been named as a defendant in different actions is hardly surprising and, upon review, offers little aid to Plaintiff because none of the cases referred to have any particular relevance to the claims asserted herein.

This Court has given this matter *de novo* review pursuant to 28 U.S.C. §636(b)(1)(C). After careful consideration of the motion, the objections to the Report and Recommendation and the response to those objections, this Court finds that the objections are without merit and that Judge Froeschner's findings and recommendations are well-grounded in law and fact.

Accordingly, it is hereby, **ORDERED AND ADJUDGED** that:

1)     Plaintiff Stephanie Harrold's objections to the Report and Recommendation (Dkt. No. 22) are **OVERRULED**;

2)     The Report and Recommendation of Magistrate Judge Froeschner (Dkt. No. 30) is **ACCEPTED** and **ADOPTED**;

3)     Defendant Charles Wagner's Motion to Dismiss (Dkt. No. 9) is **GRANTED**;

4)     To the extent that Plaintiff's amended complaint actually alleges a claim against Defendant Wagner for failure to investigate, this is not sufficient on its own to state a constitutional claim and the claim, if raised at all, is **DISMISSED**; and

5)     Plaintiff Stephanie Harrold's action against Defendant Wagner in his individual capacity is **DISMISSED, with prejudice**; Plaintiff has already amended her complaint once, and given the Court's reasoning, any additional amendment would be futile.

**SIGNED** at Galveston, Texas, this ___1st___ day of March, 2014.

                                     _____
                                     Gregg Costa
                                     United States District Judge